IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>                          Petitioner,<br><br>v.<br><br>**CARIS LIFE SCIENCES, INC.**<br><br>                          Respondent. | Case No.: 1:21-mc-00115-RJL<br><br>**[REDACTED/PUBLIC]** |

**FEDERAL TRADE COMMISSION'S REPLY TO
CARIS LIFE SCIENCES, INC.'S RESPONSE TO THE ORDER TO SHOW CAUSE**

The Commission's administrative complaint alleges several times that Respondent Caris Life Sciences, Inc. ("Caris") is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ According to the complaint, Illumina, Inc. ("Illumina"), which provides a necessary test input and intends to acquire GRAIL, may injure ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ after the merger.  Expert reports supporting the complaint and Complaint Counsel's case ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The merging parties, however, deny that any company – ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ and claim that none will be harmed by the acquisition.  To defend themselves, they sought through two subpoenas served on Caris months ago to learn more about the ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Yet other than an incomplete production and a transcript of the investigational hearing – which the merging parties' counsel were barred from attending –

Caris has refused to produce any additional responsive information or permit Dr. Spetzler to testify at a deposition in violation of its discovery obligations.

Caris does not contest that an adjudicatory subpoena should be enforced where "the inquiry is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant" to the administrative complaint. *FTC v. Anderson*, 631 F2d 741, 745 (D.C. Cir. 1979) (en banc). Indeed, Caris does not dispute the subpoenas' authorization. Nor does it challenge the subpoenas on privilege grounds. Instead, Caris makes two principal challenges to enforcement of the subpoenas: (1) that it has already produced relevant materials and testimony so that further discovery or a wide-ranging deposition of Dr. Spetzler would be irrelevant or duplicative and (2) that requiring the production of its most sensitive commercial information would impose an undue burden by risking the disclosure of confidential information or trade secrets notwithstanding the issuance of a protective order. Both arguments lack merit: Caris misapprehends the relevance of the requested information and fails to show any plausible risk of unauthorized disclosures.

The administrative trial has ended and post-trial briefing and case disposition are being held in abeyance with the record left open pending resolution of Caris's discovery obligations. This Court should enforce the petition and order compliance by requiring Caris to produce its remaining responsive materials and make Dr. Spetzler available for a deposition soon thereafter.

**1.    The Information Sought is Reasonably Relevant to the Complaint Allegations and Non-Duplicative of Other Record Evidence.**

Caris does not contest that information sought in an adjudicatory subpoena need only be "reasonably relevant" to the allegations in the administrative complaint. *Anderson*, 631 F.2d at 745-46**;** *see also* Dkt.5-3 ("Mem.") at 5, 8 (citing cases); *SEC v. Arthur Young*, 584 F.2d 1018,

1029 (D.C. Cir. 1978) (requested information must not be "[p]lainly irrelevant" to the alleged charges).[1]

Caris offers nothing new to rebut the Commission's petition. To the contrary, Caris merely rehashes for this Court many of the same arguments it made to the ALJ and to the Commission. *Compare* Resp. 12-16 *with* Dkt.5-1 (Ex.7 at 7-9). The ALJ and Commission each independently reviewed these claims and rejected them. *See* Dkt.5-2 (Pet. Ex. 8 at 5); Dkt.5-1 (Pet. Ex. 9 at 5). Indeed, the ALJ – who is most familiar with the claims, defenses, and issues in the administrative proceeding – held that the information requests as narrowed to describe ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are "unquestionably relevant." Dkt.5-2 (Pet. Ex. 8 at 5). The conclusions of the agency and its judicial officer are entitled to deference. *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1089 (D.C. Cir. 1992).

But even if the Court chose to dig deeper, it would find the Commission and its ALJ were not "obviously wrong." *Id*. Caris first contends that the ALJ and Commission erred because the outstanding discovery request from Illumina and GRAIL "goes beyond what is truly relevant" because they supposedly "already have the key information they need from Caris." Resp. 12. According to Caris, the key issue is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id*. Caris claims that Dr. Spetzler already provided the information requested by the merging parties at his investigative hearing ("IH") by confirming ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] "Mem." refers to the FTC's Memorandum of Points and Authorities supporting its Petition to Enforce the Subpoenas, Dkt. 5-3. "Resp." refers to Caris's Response to the Order to Show Cause, Dkt. 9-2. While the "reasonably relevant" standard applies to both adjudicatory and investigatory subpoenas, *see* Anderson, 631 F.2d at 745-46, the Commission did not intend to suggest that the relaxed relevancy standards for both types of subpoenas are the same. *See* Resp. 11.

████████████████████████████████████████ *Id.* (citing Dkt.5-1 (Pet. Ex.7, Reed Decl., Ex. 4 at 81:4-16; 86:3-87:3). But the cited testimony is silent as to ████████████████████████████ More importantly, one of Illumina and GRAIL's main defenses is that ████████████████████████████████████████ ████. Caris's bald assertion that ████████████████████████████████████, Resp. 13, does not reveal how close it is to achieving that goal or even whether ████████ ████████████████████████████████████████████████████████████ ████████████████████████████ Illumina has asserted that "Caris has refused to provide [Illumina and GRAIL] with *any* documents or testimony central to assessing [the complaint's] basic claim ████████████████████████████████████ ████████████████ Dkt. 5-1 (Pet. Ex. 6 at 2 (emphasis added)). In order to mount an effective defense, counsel for Illumina and GRAIL must be allowed to question Dr. Spetzler on these essential issues since they were unable to do so at his IH. *See* Dkt. 5-2 (Pet. Ex. 8 at 5). In fact, Caris seems to have conceded that the Spetzler deposition would cover ████████████ ████████████████████████████ Resp. 13-14.

But Caris complains that the proposed deposition of Dr. Spetzler would have no subject matter limitations. Resp. 13-14. It asserts that Dr. Spetzler could be questioned "on a broad array of issues going far beyond . . . ████████████████████████████████████ based on a list of topics that Illumina and GRAIL proposed for a potential Fed.R.Civ.P. 30(b)(6) deposition. *Id*. And it claims that Illumina and GRAIL informed the ALJ in their motion to certify that they needed to ask Dr. Spetzler about "his entire prior [IH] testimony because it was cited by the Commission's proposed expert." Resp. 13. These claims are simply not true.

Illumina and GRAIL have expressly sought to limit Dr. Spetzler's deposition to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Dkt. 5-1 (Pet. Ex. 6 at 8 (emphasis added)).  Thus, Dr. Spetzler will not be questioned about everything covered at his IH.  Rather, the scope of his proposed deposition is perfectly reasonable as it will only touch upon those portions of his IH ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and related areas on which Complaint Counsel's expert relied upon in preparing opening and rebuttal expert reports supporting the complaint allegations and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*. at 5 (citing Dkt. 5-1, Pet. Ex. 6, Goswami Decl., ¶¶ 26, 28, Exs. 26, 28).  Questioning Dr. Spetzler on these issues will enable Illumina and GRAIL to mount a more effective defense.  *See* 16 C.F.R. § 3.33(a) (authorizing depositions that are "reasonably expected to yield information . . . relevant to the allegations of the complaint, to the proposed relief, or to the defenses of any respondent.") (citing 16 C.F.R. § 3.31(c)(1)).  Further, the proposed Rule 30(b)(6) deposition topics suggested by Illumina and GRAIL (in response to Caris's proposal to conduct a 30(b)(6) deposition "in lieu of other testimony," including Dr. Spetzler's deposition, *see* Dkt. 5-1 (Pet. Ex. 6, Goswami Decl., Ex. 29), are irrelevant as the parties never agreed to a 30(b)(6) deposition. In short, Dr. Spetzler's deposition would not result in a "fishing expedition," Resp. 1, 12; any issues unrelated to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ nor relied upon by Complaint Counsel's expert would be off-limits.

Permitting Illumina and GRAIL to depose Dr. Spetzler might also help to clarify a possible inconsistency between the FTC's allegations, Dr. Spetzler's IH testimony, and Caris's response to an interrogatory in the FTC's pre-trial Civil Investigative Demand.  Illumina and GRAIL point out that Caris's response stated that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Dkt. 5-1 (Pet. Ex. 6 at 7 (citing Ex. 3)). But they claim that Dr. Spetzler testified to the contrary at his IH by stating that ██████

████████████████████████████████████████████████████████████████████

███████████████████████████████ *Id.* (citing Ex. 2, IH Transcript at 12:12-20). And they also point out that the complaint alleges that ████████████████████████████████

████████████████████████████████████████████████████████████████████

██████ *Id.* (citing Pet. Ex. 1 ¶ 46.). Dr. Spetzler's deposition could explain and clarify if these are inconsistent positions.

Moreover, Illumina and GRAIL contend that Caris has admitted that it possesses relevant non-duplicative material consisting of ████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████, but have refused to produce this information, in part, claiming it consists of "trade secret information." Dkt. 5-1 (Pet. Ex. 6 at 4 (citing Goswami Decl., Ex. 22)). But given the existing protective order, this Court should compel the production of this material.

In sum, the scope of the subpoenas is not bound by Caris's own arbitrary assessment of the relevancy of the information it possesses about ██████████████; rather, the relevance of the material sought by Illumina and GRAIL must be measured against the allegations in the complaint and their defenses to those charges. As long as the subpoenas request information and testimony that "reasonably relates" to the complaint allegations that the proposed merger would likely violate the antitrust laws they must be enforced. Illumina's and GRAIL's narrowed request for documents ████████████████████████████████████████

████████████████████████████████████████ and for Dr. Spetzler's testimony ██████

██████████ and "other topics that were addressed in his [IH] and relied upon by the FTC's expert" in preparing expert reports supporting the FTC's charges, *see* Dkt. 5-1 (Pet. Ex. 6 at 8, 9), fall squarely within that broad scope.  Only by ascertaining the competitive threat to GRAIL posed by all the companies alleged to be ████████████████████████████ – can the ALJ make an informed decision about the likelihood that the merger would be anticompetitive.  Self-selected data from Caris is insufficient; all information it possesses about ████████ ████████████████████████ is relevant.

    The Commission and ALJ were not wrong when they rejected Caris's arguments and found clear relevance between the documents and testimony sought and the complaint at issue. *See* Dkt.5-2 (Pet. Ex. 8 at 4, 5); Dkt.5-1 (Pet. Ex. 9 at 5).  This Court should agree.

**2.     The Subpoenas Impose No Undue Burden and Caris's Responses and Testimony are Protected from Unauthorized Disclosure.**

    Caris rests its burden argument solely on the basis that "producing confidential information to a competitor creates enormous business risk for Caris." Resp. 15.[2]  As the Commission has shown, however, Caris cannot refuse to comply with the subpoenas simply because they seek confidential information or trade secrets especially when a protective order is in place.  *See* Mem. 10-12.  In the administrative proceeding, the ALJ issued a protective order under 16 C.F.R. § 3.31(d) "[i]n order to protect the parties and third parties against improper use and disclosure of confidential information." Dkt. 5-1 (Pet. Ex. 2).

    Courts and the Commission have long upheld the use of protective orders to balance parties' need for relevant confidential information with the information provider's interest in

---

[2] Caris has abandoned its argument made in the administrative case that it would also endure an undue burden due to the logistical challenges, costs, and time required to review and produce responsive materials.  *Compare* Resp. 14-16 *with* Dkt. 5-1 (Pet. Ex. 7 at 8-9).

safeguarding those materials. *See* Mem. 11 (citing cases). Caris counters by citing cases it contends show that "non-parties in particular may not be sufficiently protected by protective orders." Resp. 15-16. But those cases are easily distinguishable. For example, in *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318 (Fed. Cir. 1990), the court held, *inter alia,* that the plaintiff patent owner, which sought nonparty discovery from several competitors consisting of confidential business information, had failed to establish that the information was relevant to his damages claim. *Id*. at 1324-25, 1327. The court also held that the district court's protective order in that case would not necessarily protect nonparties because it was the court – not the nonparties' designations – that would control which materials were deemed "confidential" and thus protected from public disclosure. *Id.* at 1325; *see also Educ. Logistics, Inc. v. Laidlaw Transit, Inc.*, No. 3-11-MC-036-L-BD, 2011 WL 1348401, at *4 (N.D. Tex. Apr. 8, 2011) (citing *Micro Motion*).

In stark contrast, the narrowed discovery requests to Caris to disclose ████████ ██████████████████████████████, and the related Spetzler deposition (limited as explained above), are highly relevant to Illumina's and GRAIL's defenses and to refute Complaint Counsel's expert's reports. And in administrative litigation before the Commission, parties and nonparties themselves designate materials they consider to be competitively sensitive information as "confidential" and thus control their protection. *See* 16 C.F.R. § 3.31 (Appendix A, ¶ 3).

Another case relied by Caris, Resp. 14-15, discussed factors relevant under Fed.R.Civ.P. 45 to determine whether to enforce or quash subpoenas seeking the disclosure of information contended to be trade secrets or commercially confidential. *Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 7 (D.D.C. 2006) (factors include whether disclosure would injure the

disclosing party's ability to compete commercially and the need and relevancy of the information to the requestor).  In *Falicia*, the plaintiff employees sought to enforce a judgment against their former employer for unpaid back wages through a subpoena for bank records of two nonparty companies owned by members of same family that owned judgment debtor.  The court held that Rule 45 did not bar the plaintiff judgment creditors from obtaining the nonparties' confidential bank records where the plaintiffs showed relevancy and need (*i.e.*, evidence reflected that the judgment debtor and the nonparties had a financial relationship such that discovery of the bank records could reveal concealed assets of the judgment debtor) and the nonparties failed to show competitive injury from disclosure.  *Id*. at 8-10.[3]  The same factors counsel disclosure here.

Caris asserts that in this case, even if the subpoena requests are germane, that relevance is outweighed by the risk it faces if the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Resp. 15.  But as both the ALJ and the Commission held, Caris's withheld materials are relevant to the allegations and defenses in the case and it faces no credible risk of harm resulting from disclosure.  *See* Dkt.5-2 (Pet. Ex. 8 at 4, 5); Dkt.5-1 (Pet. Ex. 9 at 5).  Caris points to an alleged protective order violation in which a consultant for GRAIL supposedly received its confidential information.  Resp. 16.  But, as the Commission stated in agreement with the ALJ, a violation of the protective order may not have occurred, Caris's materials apparently were not disclosed to employees of Illumina and GRAIL, and the documents had been destroyed and would have no impact on the case.  Dkt. 5-1 (Pet. Ex. 9 at 5).  Caris fails to explain how the corrective steps taken by Illumina and GRAIL to

---

[3] Although the plaintiffs were otherwise entitled to obtain the records, the court granted the nonparties' motion to quash on jurisdictional grounds.  *Id.* at 11.

ameliorate any harm arising from the disclosure somehow reflects that they had violated the protective order.  *See* Resp. 16.

\* \* \*

Caris's Response provides no reason for the Court to deny enforcement of the subpoenas. Caris's noncompliance has delayed the administrative case; immediate enforcement is needed. The Court should therefore issue its own order enforcing (1) the subpoena *duces tecum* by directing Caris to comply within 10 days of the order, and (2) the *subpoena ad testifandcum* by requiring Dr. Spetzler to testify at a deposition promptly after the document production.

                                Respectfully submitted,

Date: November 12, 2021        JAMES REILLY DOLAN
                                Acting General Counsel

                                MICHELE ARINGTON
                                Assistant General Counsel for Trial Court Litigation

                                */s/  Michael D. Bergman*
                                MICHAEL D. BERGMAN
                                Attorney, Office of General Counsel
                                (D.C. Bar No. 437994)

                                FEDERAL TRADE COMMISSION
                                600 Pennsylvania Ave., N.W.
                                Washington, D.C. 20580
                                (o): (202) 326-3184
                                (c) : (202) 730-6301
                                Fax: (202) 326-2477
                                E-mail: mbergman@ftc.gov